# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LJ DOLIN,

    Plaintiff,

v.                                                                  Civ. No. 16-529 GBW/GJF

THYSSENKRUPP ELEVATOR CORPORATION,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

This matter comes before the Court on Defendant's Motion to Strike or Exclude Exhibits to Plaintiff's Affidavit (*doc. 69*) and the attendant briefing (*doc. 70*). The Court, for the following reasons, GRANTS Defendant's Motion.

On May 1, 2018, Plaintiff filed her Response in opposition to Defendant's Motion for Summary Judgment. *Doc. 55*. In her Response, Plaintiff included Plaintiff's affidavit, which referred to numerous attachments not included in her submission. *Doc. 55-5*. In its Reply on May 16, 2018, Defendant argued that Plaintiff's affidavit should be disregarded in part because it relied on materials not part of the record as they were not attached to the Response. *Doc. 56* at 2 n.2. Not until November 16, 2018, six months after briefing on the motion was complete (*see doc. 57*), did Plaintiff file her Notice of Errata, which contained the attachments referenced in her affidavit. *Doc. 67*. Moreover, the Notice of Errata was filed less than three days before the hearing on the summary

judgment motion which had been scheduled since October 17, 2018.[1]  *Id*.  At the hearing, counsel for Defendant objected to the Court's consideration of the attachments produced by Plaintiff in her Notice of Errata.  *Doc. 68* at 5-6.  In response, the Court permitted Defendant to file the instant Motion to Strike in order allow the parties to present arguments on the issue.  *Id.* at 6.

Defendant filed its Motion to Strike or Exclude Exhibits to Plaintiff's Affidavit on November 30, 2018.  *Doc. 69*.  While none of the exhibits were attached to Plaintiff's Response, Defendant further explains that Plaintiff failed to produce the majority of the exhibits during discovery, even though these documents were responsive to Defendant's discovery requests.  *Id*. at 2.  As to the documents that were not produced in discovery (Attachments A, B, D, H, I, J, K, L, M, N, O, P and R),[2] Defendant requests that they be stricken from the record and excluded from consideration due to Plaintiff's discovery violation, her failure to include the attachments in her Response, and her delay in remedying her omission for six months thereafter.  *Id.* at 3, 5.

---

[1] Two relevant notes about the hearing should be made.  First, the delay between the completion of briefing and the setting of the hearing was a consequence of the case being reassigned to the undersigned on September 30, 2018.  *See doc. 60*.  Second, while the hearing was originally set for November 20, 2018, it was reset for a day earlier to accommodate an emergency scheduling conflict that arose for Plaintiff's counsel.  *See docs. 61, 66*.

[2] Despite the failure to attach them to the Response or remedy the failure for six months, Defendant does not seek the striking of Exhibits C, E, F or G.  For the sake of clarity, the Court notes that Defendant listed Exhibit Q in his conclusion as an exhibit that should be struck.  *See doc. 69* at 5.  However, Defendant did not so identify Exhibit Q in the body of its motion, nor does it appear that Exhibit Q was referenced in Plaintiff's Affidavit.  *See docs. 55*, Ex. 5; *doc. 69* at 3.  This error likely also explains Defendant's statement that "Plaintiff never produced 14 of the 18 affidavit exhibits[.]" *Doc. 69* at 2.  Instead, it appears there were 17 affidavit exhibits of which 13 were not produced.

In her Response, Plaintiff provides absolutely no justification or explanation for the six-month delay in attaching the documents. On a few occasions, she states that the exhibits "were submitted in response to the Court's request for the exhibits referenced in the affidavit…." *Doc. 70* at 3; *see also id*. at 1 ("upon the Court's request [the attachments] were submitted"). True, when the case was reassigned to the undersigned, court staff advised Plaintiff's counsel by phone message that the Court had not found the "attachments" on the docket. However, that message was left in early October and did not excuse or mitigate the failure to originally attach the documents and the almost five-month delay at that point. And arguably, it aggravates the more than one-month delay that still occurred after the message. Pursuant to Rule 56, a party must support "assertions by citing to particular parts of materials **in the record**[.]" Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). It is undisputed that the disputed exhibits were not attached to the Response nor were they found anywhere in appropriate filings. As such, they were not "in the record" to support the Response when it was filed nor was the error corrected in a timely fashion.

Moreover, Plaintiff concedes that the exhibits to which Defendant objects were not provided in discovery. She does not dispute that they should have been disclosed pursuant to the Defendant's discovery requests. She does not argue that they were somehow immune from discovery notwithstanding her apparent failure to object. Consequently, the failure to provide the documents in discovery violated Rule 26. *See*

3

Fed. R. Civ. P. 26(e). Rule 37 provides that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff has utterly failed to show that the failure was substantially justified. Plaintiff focuses on arguing that the failure was harmless.

As to Exhibits H, O, P or R, she concedes that these materials were not available to Defendant prior to the filing of her Notice of Errata on November 16, 2018. *Doc. 70* at 2. However, she contends that receiving these materials only days before the Motion Hearing did not harm Defendant, because Plaintiff's original affidavit referenced the attachments, even though it did not include them. *Id.* Next, as to Exhibits A, B, D, I, J, K, L, M or N, she argues that this failure was harmless, because these materials, which were created by and the property of Defendant, were already accessible by Defendant. *Doc. 70* at 2. The Court is not persuaded that the failure was harmless as to either group.

First, these exhibits were not tangential or minor. The significance of these exhibits from the perspective of the Plaintiff is apparent by the fact that they are all attachments to the summary affidavit she presented to rebut Defendant's motion for summary judgment. Given their import to Plaintiff's view of her case, it is obvious that each and every one would have been important for Defendant to have and understand prior to their deposition of Plaintiff. Instead, they were disclosed fourteen months after

4

Plaintiff's deposition was conducted and more than eight months after discovery had closed. *See doc. 50* and *doc. 54*, Ex. 1. The mere fact that, as to Exhibits A, B, D, I, J, K, L, M or N, Defendant was in possession of the documents would not alert them to the significance Plaintiff was placing on them to support her contentions.

Second, the exhibits were unavailable to Defendant to address in their Reply. While this fact is obvious for Exhibits H, O, P or R, it is, as a practical matter, true for the remainder. Even though Defendant may have possessed some of the documents in some form, Plaintiff's vague labeling of certain attachments would not render them easily identifiable. For example, in her affidavit, Plaintiff states, "[m]issed customer service visits are a common occurrence in the elevator service industry. TKE regularly published 'Missed Service Visit' lists to every elevator service mechanic (based on their service route). See Attachment D, Missed Service Reports for Route #5." *Doc. 67-1* at 2. The preceding explanation would provide Defendant with no way of knowing which months or years of missed service reports Plaintiff was relying on to support her argument that Plaintiff missed an ordinary number of or fewer service visits compared to other employees. In addition, even regarding those more identifiable attachments, Defendant should not be made to spend hours sifting through its archives in order to find materials relied on by Plaintiff. This conclusion is especially true when Defendant would reasonably (but incorrectly) assume that any document to which Plaintiff cited had been disclosed in discovery.

5

Relatedly, the prejudicial impact on the Reply was exacerbated –because Defendant was objecting to Plaintiff's affidavit on the basis that it was not "made on personal knowledge" as required by Rule 56. Fed. R. Civ. P. 56(c)(4). Consequently, the particulars of the supporting documentation were crucial to Defendant's argument. As noted by Plaintiff, "Parties may, submit affidavits ... in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." *Doc. 70* at 1 (quoting *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)). How Defendant presented its argument about Plaintiff's affidavit was necessarily impacted by the failure to disclose, let alone attach, the exhibits in a timely manner. Furthermore, Defendant did not "hide-the-ball" on the point given that it highlighted on May 16, 2018, that Plaintiff had failed to attach the documents. *See doc. 56* at 2 n.2.

For the foregoing reasons, the Court finds that the failure to disclose Attachments A, B, D, H, I, J, K, L, M, N, O, P and R was not harmless. Thus, the documents may not be used to support Plaintiff's opposition to Defendant's Motion for Summary Judgment and they will be stricken from the record. *See* Fed. R. Civ. P. 37(c)(1).

In addition, Defendant requests that, pursuant to Rule 37, the Court award Defendant fees associated with drafting and filing the instant motion. *Id.* at 5. Indeed,

"[i]f a party fails to provide information…as required by Rule 26(a) or (e), [in] addition to or instead of [the exclusion] sanction, the court…may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). The Court has broad discretion to use sanctions to ensure that counsel and parties fulfill their obligations. *See Lee v. Max Int'l*, LLC, 638 F.3d 1318, 1320-1324 (10th Cir. 2011). Given that the court is imposing the exclusion sanction and there is no evidence that Plaintiff or counsel acted in bad faith, the Court will not impose further monetary sanctions.

WHEREFORE, except for the request for attorney's fees, the Court GRANTS Defendant's Motion to Strike as to Attachments A, B, D, H, I, J, K, L, M, N, O, P and R.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**